addition to anti-development attitudes and vesting problems, property owners and developers are confronting decisions of state courts which either ignore or do not follow the 'essential nexus' standard set forth in *Nollan* v. *California Coastal Comm'n* to validate development exactions" (footnote omitted)); M. Berger, Recent Developments in the Law of Inverse Condemnation, Q203 ALI–ABA Video Law Review Study 1, 4 (1991) ("Last year, we noted that the California appellate courts had reacted to the Supreme Court's decisions in *First English Evangelical Lutheran Church v. County of Los Angeles,* (1987) 482 U. S. 304 and *Nollan* v. *California Coastal Comm'n* (1987) 483 U. S. 825 by seeking ways to evade their evident mandate, either procedurally or substantively"). Were they the only arguable bases for the decision I would favor summary reversal, and remand for conduct of the *Nollan-Dolan* analysis. The third basis, however, is at least a plausible one, and raises a question that will doubtless be presented in many cases. Though I am unaware of a conflict of authority on the precise point, the other grounds upon which the court relied entitle this case to our attention, and should overcome our usual preference for cases that present actual conflicts. I would therefore grant certiorari and schedule the case for argument.

No. 99–1081. TOWN OF MULDROW ET AL. *v.* SEQUOYAH COUNTY RURAL WATER DISTRICT No. 7. C. A. 10th Cir. Motions of Alabama Water and Wastewater Institute et al., Water Works and Sewer Board of Birmingham, Texas Municipal League et al., City of Broken Arrow et al., and Greenville Utilities Commission for leave to file briefs as *amici curiae* granted. Certiorari denied.

No. 99–1324. JAY *v.* AT&T CORP. ET AL. C. A. 8th Cir. Certiorari denied. JUSTICE O'CONNOR took no part in the consideration or decision of this petition.

No. 98–9959. GULLEY *v.* CIRCUIT COURT FOR MILWAUKEE COUNTY, 528 U. S. 862;

No. 99–7028. FISHER *v.* VARNER, SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION AT RETREAT, 528 U. S. 1092;

No. 99–7375. CHAMPION *v.* UNITED STATES, 528 U. S. 1128; and

No. 99–7789. VAN HOORELBEKE v. UNITED STATES, 528 U. S. 1179. Petitions for rehearing denied.

MARCH 28, 2000

No. 99–1274. ARLINGTON COUNTY SCHOOL BOARD ET AL. v. TUTTLE ET. AL. C. A. 4th Cir. Certiorari dismissed under this Court's Rule 46.1.

APRIL 3, 2000

No. 99–5436. WILLIAMS v. WISCONSIN. Sup. Ct. Wis. Motion of petitioner for leave to proceed in forma pauperis granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of Florida v. J. L., ante, p. 266.

No. 99–7592. MORRISON v. OHIO. Ct. App. Ohio, Cuyahoga County. Motion of petitioner for leave to proceed in forma pauperis granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of Florida v. J. L., ante, p. 266.

No. 99–7970. SYVERTSON v. FARGO FORUM ET AL. C. A. 8th Cir. Motion of petitioner for leave to proceed in forma pauperis denied, and certiorari dismissed. See this Court's Rule 39.8.

No. 99–8025. BIERLEY v. CONNELLY, JUDGE, COURT OF COMMON PLEAS OF PENNSYLVANIA, ERIE COUNTY, ET AL. C. A. 3d Cir. Motion of petitioner for leave to proceed in forma pauperis denied, and certiorari dismissed. See this Court's Rule 39.8.

No. D–2153. IN RE DISBARMENT OF SCALF. William M. Scalf, of Corbin, Ky., is suspended from the practice of law in this Court, and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.